JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lazaro Mendoza-Contreras, | No. CV 13-1314-PHX-DGC (DKD) |
| Petitioner, | |
| vs. | **ORDER** |
| United States of America, | |
| Respondent. | |

Petitioner has filed an action asking the District Court to grant him asylum on the ground that returning him to Mexico will endanger his life because he testified against human smugglers. The action will be dismissed because the Court lacks jurisdiction to grant asylum.

Under 8 U.S.C. § 1158, the Attorney General and the Secretary of Homeland Security have exclusive authority to grant asylum in accordance with the procedures established by them. 8 U.S.C. § 1158(b)(1)(a). Those procedures in turn assign exclusive jurisdiction to grant asylum to asylum officers in the Office of Internal Affairs of Customs and Border Protection, 8 C.F.R. § 1208.2(a), unless the applicant is in removal proceedings, in which case exclusive jurisdiction to grant asylum is assigned to immigration judges in the Executive Office for Immigration Review of the Department of Justice, 8 C.F.R. § 1208.2(b). The federal courts have jurisdiction to review asylum determinations, if at all, only after the applications have been denied and the applicant is

subject to a final order of removal.  If the order of removal was entered by an immigration judge, the courts of appeals have exclusive jurisdiction to review the order and the denial of asylum.  8 U.S.C. §§ 1152(a)(5), (b)(4)(D).  If the alien is subject to an expedited order of removal issued by an immigration officer under 8 U.S.C. § 1225(b)(1), the district courts have exclusive jurisdiction to review the order, but that review is "limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner . . . has been granted asylum under [§ 1158]."  8 U.S.C. § 1252(e)(2).  Because district courts lack jurisdiction to grant asylum, this action must be dismissed.

**IT IS ORDERED dismissing** this action for lack of jurisdiction.  The Clerk must enter judgment accordingly.

**IT IS FURTHER ORDERED denying as moot** Petitioner's Motion for Political Asylum (Doc. 3) and request to accept the low end of plea agreement and to issue a subpoena to Immigration and Customs Enforcement (Doc. 4).

Dated this 18th day of November, 2013.

_____
David G. Campbell
United States District Judge

- 2 -